### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No: 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL MOLASSES CORP.,<br><br>Defendant. | Adversary Proceeding 25-50256-KBO |

### DEFENDANT INTERNATIONAL MOLASSES CORP.'S
### ANSWER AND AFFIRMATIVE DEFENSES
### TO THE COMPLAINT

International Molasses Corp., the defendant in the above-referenced adversary proceeding (the "Defendant"), by and through its undersigned counsel, hereby answers the Complaint of George Miller, Chapter 7 Trustee (the "Plaintiff") filed on February 13, 2025, and states and alleges as follows.

### NATURE OF ACTION

1.  Paragraph 1 of the Complaint contains statements and legal conclusions to which

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

2.      Paragraph 2 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

## JURISDICTION AND VENUE

3.      In response to paragraph 3, the Defendant admits.

4.      In response to paragraph 4, the Defendant admits.

5.      Paragraph 5 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

6.      In response to paragraph 6, the Defendant admits.

7.      In response to paragraph 7, the Defendant admits.

8.      Paragraph 8 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

## THE PARTIES

9.      The Defendant is informed and believes that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 11 of the Complaint.

## **BACKGROUND**

12. The Defendant is informed and believes that the status of the case is as reflected in the Court record, but, except as so admitted, denies each and every allegation of Paragraph 12 of the Complaint.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 13 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 13 of the Complaint.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 14 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 14 of the Complaint.

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 15 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 15 of the Complaint.

16. The Defendant admits only that a document referenced in paragraph 16 of the Complaint is attached as Exhibit A. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and in Exhibit A. To the extent a response is required, the Defendant denies paragraph 16 of the Complaint and denies Exhibit A.

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 17 of the Complaint. To the extent a response is required,

the Defendant denies each and every allegation of paragraph 17 of the Complaint.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 18 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

20. Paragraph 20 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

21. Paragraph 21 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

22. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 22 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 22 of the Complaint.

23. The Defendant is informed and believes that the status of the case is as reflected in the Court record, but, except as so admitted, denies each and every allegation of Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

25. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 24 above.

26. The Defendant admits only that a document referenced in paragraph 26 of the Complaint is attached as Exhibit A. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and in Exhibit A. To the extent a response is required, the Defendant denies paragraph 26 of the Complaint and denies Exhibit A.

27. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 27 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 27 of the Complaint.

28. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 28 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 28 of the Complaint.

29. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 29 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 29 of the Complaint.

30. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 30 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 30 of the Complaint.

31. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 31 of the Complaint. To the extent a response is required,

the Defendant denies each and every allegation of paragraph 31 of the Complaint.

32. The Defendant admits only that a document referenced in paragraph 32 of the Complaint is attached as Exhibit A. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and in Exhibit A. To the extent a response is required, the Defendant denies paragraph 32 of the Complaint and denies Exhibit A.

33. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 33 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies paragraph 34 of the Complaint.

35. In response to paragraph 35 of the Complaint, the Defendant denies paragraph 35 of the Complaint.

## COUNT II
**(Avoidance of Fraudulent Transfers – 11 U.S.C. § 548(a)(1)(B))**

36. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 35 above.

37. The Defendant admits only that a document referenced in paragraph 37 of the Complaint is attached as Exhibit A. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, its subparagraphs, and in Exhibit A. To the extent a response is required, the Defendant denies paragraph 37 of the Complaint, denies its subparagraphs, and denies Exhibit A.

38. In response to paragraph 38 of the Complaint, the Defendant denies paragraph 38 of the Complaint.

## COUNT III
### (Recovery of Property – 11 U.S.C. § 550)

39. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 38 above.

40. In response to paragraph 40 of the Complaint, the Defendant denies paragraph 40 of the Complaint.

41. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 41 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 41 of the Complaint.

42. In response to paragraph 42 of the Complaint, the Defendant denies paragraph 42 of the Complaint.

## COUNT IV
### (Disallowance of Claims – 11 U.S.C. § 502)

43. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 42 above.

44. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 44 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 44 of the Complaint.

45. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 45 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 45 of the Complaint.

46. In response to paragraph 46 of the Complaint, the Defendant denies paragraph 46

of the Complaint.

**WHEREFORE**, based upon the foregoing, the Transfers are not recoverable by the Plaintiff. The Defendant requests that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

47. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 46 above.

48. Without undertaking any burden of proof not otherwise assigned to it by law, Defendant asserts the following affirmative defenses with respect to the claims the Plaintiff asserts in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

49. The Plaintiff is barred from recovering the alleged avoidable transfers (the "Alleged Avoidable Transfers") to the extent that the Alleged Avoidable Transfers were: (A) in payment of a debt or debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant; (B) made in the ordinary course of business or financial affairs of the Debtors and the Defendant; or (C) made according to ordinary business terms.

50. Pursuant to 11 U.S.C. § 547(c)(2), such Alleged Avoidable Transfers are not avoidable by the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

51. The Plaintiffs are barred from recovering the Alleged Avoidable Transfers to the extent that the Alleged Avoidable Transfers were: (A) intended by the Debtors and the Defendant to be a contemporaneous exchange for new value given to the Debtors; and (B) in fact, were

substantially contemporaneous exchange(s).

52. Pursuant to 11 U.S.C. § 547(c)(1), such Alleged Avoidable Transfers are not avoidable by the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

53. Pursuant to 11 U.S.C. § 547(c)(4), the Plaintiff is barred from recovering the Alleged Avoidable Transfers to the extent that, after such transfers, the Defendant gave new value to or for the benefit of the Debtor that was: (A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

54. Pursuant to 11 U.S.C. § 547(c)(4), such Alleged Avoidable Transfers are not avoidable by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

55. The Plaintiff is barred from recovering the Alleged Avoidable Transfers because at all times relevant to the matters complained of the Debtor, and all subsidiaries were solvent and were not rendered insolvent or left with unreasonably small capital as result of any transactions with the Defendant. Consequently, the Defendant's claims may not be disallowed.

### FIFTH AFFIRMATIVE DEFENSE

56. The Plaintiff is barred from recovering the Alleged Avoidable Transfers pursuant to 11 U.S.C § 548 because at all times relevant to the matters complained of the Debtor, and all subsidiaries were solvent and were not rendered insolvent or left with unreasonably small capital as result of any transactions with the Defendant. Consequently, the Defendant's claims may not be disallowed.

## SIXTH AFFIRMATIVE DEFENSE

57. The claims of the Plaintiff are barred, in whole or in part, by reason that, to the extent that it received any Avoidable Transfers, the Defendant was at all times a good faith transferee for reasonably equivalent value pursuant to 11 U.S.C § 548(c).

## SEVENTH AFFIRMATIVE DEFENSE

58. The Plaintiffs are barred from recovering the Transfers by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

59. The Plaintiffs' actions are barred under the doctrines of estoppel and res judicata to the extent that this action could have and should have been litigated at the time of Debtors' objections to the Defendant's claim, if any, under 11 U.S.C. § 502(d)

## NINTH AFFIRMATIVE DEFENSE

60. The Plaintiff seeks to disallow the Defendant's claims due to the Alleged Avoidable Transfers which the Plaintiff is barred from recovering to the extent that the transferee or obligee of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the Debtor in exchange for such transfer or obligation.

61. Pursuant to 11 U.S.C. § 548(c) such Fraudulent Transfers are not avoidable by the Plaintiff and, consequently, the Defendant's claims may not be disallowed.

## TENTH AFFIRMATIVE DEFENSE

62. The claims of the Plaintiff are barred, in whole or in part, pursuant to 11 U.S.C. § 550(b) by reason that Defendant, to the extent it took any transfer(s), took the Alleged Avoidable Transfers for value, in good faith, and without knowledge of the voidability of the alleged transfers.

### ELEVENTH AFFIRMATIVE DEFENSE

63. The claims of the Plaintiffs are barred, in whole or in part, by reason that Defendant lacked actual knowledge of fraud, misappropriation, or any other misconduct on the part of the Debtors and/or anyone acting by, through, for or against them.

### TWELFTH AFFIRMATIVE DEFENSE

64. The claims of the Plaintiffs are barred, in whole or in part, by reason that Plaintiffs have failed to plead fraud on the part of Defendant with particularity as required by Fed. R. Civ. P. 9(b) and Fed. R. Bankr. P. 7009(b).

### THIRTEENTH AFFIRMATIVE DEFENSE

65. The Plaintiffs' claims are barred in whole or in part by setoff and/or recoupment.

### FOURTEENTH AFFIRMATIVE DEFENSE

66. The Plaintiff's actions are barred to the extent that the Defendant has an earmarking or a conduit defense.

### FIFTEENTH AFFIRMATIVE DEFENSE

67. The Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

68. The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend its answer to assert any such defenses. The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiff may have in connection with the claims asserted in the Complaint.

Dated: July 24, 2025.

        **Respectfully submitted,**

        **The Law Office of James Tobia, LLC**
        By: */s/ James Tobia*
        James Tobia, Esquire (I.D. No. 3798)
        1716 Wawaset Street
        Wilmington, DE 19806
        Tel. (302) 655-5303
        Fax (302) 202-4255
        Email: jtobia@tobialaw.com

        **-and-**

        **JONES & ASSOCIATES**

        By: */s/ Roland Gary Jones*
        Roland Gary Jones, Esq.
        New York Bar No. RGJ-6902
        1325 Avenue of the Americas
        28th Floor
        New York, NY 10019
        Tel. (347) 862-9254
        Fax (212) 202-4416
        Email: rgj@rolandjones.com

        *Pro Hac Vice Application to be filed*

        *Counsel for the Defendant*